IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANA CEASAR, ET AL.,

Plaintiffs

v.

HOSPITAL METROPOLITANO, ET AL.,

Defendants.

Civil No.12-1622 (SEC)

**OPINION AND ORDER**

Before the Court are defendant Imaging Center at Reparto Metropolitano's motion to dismiss (Docket # 36), and the plaintiffs' opposition thereto (Docket # 39). After reviewing the filings and the applicable law, the motion to dismiss is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

The plaintiffs, the adult children of Lucila Maldonado (collectively, Plaintiffs), filed this diversity suit against Imaging Center at Reparto Metropolitano (Imaging Center) and other co-defendants for an alleged medical malpractice that caused the death of their mother. Docket # 1. Plaintiffs served summons on Imaging Center on November 29, 2012, within the 120 days provided by Rule 4(m) of the Federal Rules of Civil Procedure. On May 3, 2013, Imaging Center, without submitting itself to the jurisdiction of this court, filed the present motion requesting the Court to "quash the service of process and dismiss the complaint" against it pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Docket # 36.

**Standard of Review**

Fed. R. Civ. P. 12(b)(5) provides for dismissal due to insufficiency of service. A party filing a motion under rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85

**CIVIL NO. 12-1622 (SEC)**                                                                 **Page 2**

(D.P.R. 2006); see also Sánchez-Velázquez v. Municipality of Carolina, No. 11-1586, 2012 WL 6726475 (D.P.R. Dec. 27, 2012); Molinelli-Freytes v. Univ. of P.R., 727 F. Supp. 2d 60 (D.P.R. 2010); González-Droz v. González Colón, No. 06-2263, 2009 WL 2843338, at *1 (D.P.R. Aug. 31, 2009). Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2010). The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service. Ramirez de Arellano, 236 F.R.D. at 85.

Motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) somewhat in that they provide the district court with a course of action other than simply dismissing the case when the defendant's defense or objection is sustained. Wright & Miller, supra, § 1354. That is, the court may convert the motion to dismiss under Rule 12(b)(5) into a motion to quash service of process without dismissing the action. Id.

This district has held that the dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ramirez de Arellano, 236 F.R.D. at 85 n.4; see also Sánchez-Velázquez, 2012 WL 6726475; Felix-Green v. Haver filling Systems, Inc., No. 10-1526, 2011 WL 1545732 (D.P.R. Apr. 25, 2011). Therefore, if the first service of process is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process, and retain the case pending effective service. Ramirez de Arellano, 236 F.R.D. at 85 n.4. As a result, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. Id. District courts possess broad discretion to dismiss the action, or retain the case and quash the service made on the defendant. Id.

**CIVIL NO. 12-1622 (SEC)**                                                                                                          Page 3

**Applicable Law and Analysis**

Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure governs service of process upon corporations, and provides that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[1]

In its motion to dismiss, Imaging Center alleges that neither its appointed general agent nor any employee at its business location was served by Plaintiffs. Docket # 36, p. 2-3. Imaging Center submitted an affidavit from Celia M. López-Rodríguez, stating that she is the agent authorized to receive service of process on behalf of Imaging Center and that on November 24, 2013 she "was present . . . and no one came in to serve summons of any kind." Docket # 36-2.[2] It further alleges that, after reviewing the executed summons filed by the Plaintiffs, they noticed that instead Plaintiffs served a person named Olga Arriaga who worked for co-defendant Hospital Metropolitano, which is in no way related to Imaging Center, and that the address at which Imaging Center was allegedly served belongs to Hospital Metropolitano. Id.

Plaintiffs timely opposed the motion to dismiss. They posit that they served Imaging Center on November 29, 2013, but that "[i]t is not clear to [them] whether the process server erroneously listed the address (since Hospital Metropolitano is also a defendant) or if he otherwise understood that he was properly serving the Imaging Center at the address listed."

---

[1] Proper service under Puerto Rico law also satisfies Rule 4(h)(1). Fresenius Medical Care Cardiovascular Resources, Inc. v. P.R. and the Caribbean Cardiovascular Center Corp., 322 F.3d 56, 75 (1st Cir. 2003); see Fed. R. Civ. P. 4(h)(1)(A); P.R. Laws Ann. tit 32, Ap. V, R. 4.4; P.R. Laws Ann. tit. 14, § 3781.

[2] A party may submit affidavits or other evidence in connection with a Rule 12(b)(5) motion since the validity of this defense is rarely apparent on the face of the pleading and the motion raising it. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2004); see also Castleman v. Alamo Plaza, Inc., 296 F.2d 521 (6th Cir. 1961); Conservation Council of Western Australia, Inc. v. Aluminum Co. of America, 518 F. Supp. 270, 277 n. 13 (D.Pa. 1981).

**CIVIL NO. 12-1622 (SEC)** Page 4

Docket # 39, p. 2. They further aver that "[t]he fact that two of the Imaging Center's physicians were served at the same location provides credence to the sufficiency of process." Id.

Here, Imaging Center has met its burden of showing insufficient service of process. Imaging Center's contention is supported by the evidence in the record and, even though Plaintiffs provided a possible explanation for the allegedly erroneous information contained in the proof of service, they admitted that it is not even clear to them whether Imaging Center was properly served.[3] However, as previously explained, the Court can, within its discretion, treat a motion to dismiss under Fed. R. Civ. P. 12(b)(5) as a motion to quash. Dismissal of a claim under Rule 12(b)(5) is inappropriate when there are "'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ramirez de Arellano, 236 F.R.D. at 85 n. 4. Accordingly, the court hereby rules that Plaintiffs' service upon Imaging Center is **QUASHED**, and the request for dismissal is **DENIED**. The Court grants Plaintiffs a final term of 15 days to properly serve this defendant.

**Conclusion**

For the reasons stated above, Imaging Center's motion to dismiss is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of August, 2013.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[3] Arguing in favor of dismissal, Imaging Center states that "Plaintiffs served the summons on the wrong entity, the wrong address and even the wrong person, in an example of ... careless conduct." Docket # 36, p. 4. But the information contained in record falls far short of a showing sufficient to tilt the scale towards a conclusion of "careless conduct" as alleged by Imaging Center. Although Imaging Center was not properly served, Plaintiffs have been diligent in prosecuting this action.